# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON L. WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17CV43 NAB |
| | ) |
| CHAD NIXON, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Aaron Lamont Welch, an inmate at Pemiscot County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.82. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will require plaintiff to amend his complaint within thirty (30) days of the date of this Memorandum and Order.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $6.29, and an average monthly balance of $8.82. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.82, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, who is currently awaiting trial on a probation revocation, is an inmate at Pemiscot County Jail. He brings the present lawsuit pursuant to 42 U.S.C. § 1983 asserting that defendant Chad Nixon, a Jail Administrator in Pemiscot County, violated his civil rights. Plaintiff names defendant Nixon in his individual capacity.

Plaintiff asserts that on February 22, 2017, he and his roommate were talking in their cell and asked Officer Jocci if they could leave the meal slot open to circulate the air. Plaintiff's roommate was told to move his arm away from the meal slot entrance, and he in turn, replied that they really needed air. When Officer Jocci attempted to close the meal slot on plaintiff's roommate's hand but the slot wouldn't close, she radioed defendant Nixon for help who told plaintiff's roommate to remove his hand or he would "fog" the cell or tazer him. Plaintiff states that he then asked to be removed from the cell before any "fogging" occurred, but Nixon answered no. Nixon then used the slot to "fog" the cell, or force pepper spray, into plaintiff and his roommate's cell. Plaintiff believes defendant's actions violated his rights when he failed to remove him from the cell prior to macing his roommate. Plaintiff acknowledges that he and his roommate were allowed to wash off the mace off of them after the incident, although he states that he was breathing heavily when he was allowed to exit the cell. Plaintiff has not indicated that he was in need of medical care that was not provided.

Plaintiff alleges that the conditions of confinement at the Pemiscot County Jail are in violation of the Constitution. He states that on March 9, 2017, an unnamed person provided him and his roommate with cups of ice with bits of metals in the sides of the cups. He does not allege that he was hurt by the incident. However, he claims that defendant Nixon was notified of the event and he told plaintiff and his roommate not to tell anyone else about the incident.

Plaintiff states that the next day he "passed out" and busted his head and had to go to the emergency room to have his head checked out. Plaintiff asserts that he told the nurses at the ER about the metal in his ice cup. Plaintiff states that when he returned to the Jail he was stripped and placed in a room by himself for two days. Plaintiff does not state who placed him in the room by himself, but he believes it happened in retaliation for "telling" the nurses at the ER about the ice cup incident at the prison.

Plaintiff believes defendant Nixon may have influenced the Prosecutor and/or Judge in his probation revocation case to increase his possible revocation sentence in that case. Plaintiff asserts that defendant Nixon started laughing at him during his last court proceeding and told him after the court proceeding that "you'll never win in our battlefield." Plaintiff states that at his hearing he was told by the Judge that his possible revocation sentence could be up to 10 years at 80% for something he had previously believed to be a minor or technical violation. Therefore, plaintiff believes defendant Nixon must have done or said something to increase his revocation sentence at his hearing. However, plaintiff acknowledges that he still has a chance to explain to the Judge and Prosecutor at the next hearing why he should be released on probation.

Plaintiff has also submitted a separate "Supplemental" to his complaint.[1] [Doc. #8] Although the Court does not accept supplemental pleadings, the Court takes note that plaintiff

---

[1] The Court does not accept supplemental documents to pleadings. Instead, plaintiff will be required to submit an amended complaint encompassing all of his claims on one prisoner complaint form.

has indicated that he believes he is being retaliated against by "the jailers." He states that his cell was "torn up" on a cell search and he was placed on "suicide watch" by an unnamed jail worker. Plaintiff believes these acts are in retaliation for filing the present lawsuit.

Plaintiff seeks compensatory and punitive damages in this action.

## Discussion

As currently written, the Court does not believe that plaintiff has alleged enough to state a claim against defendant Nixon and he will be required to amend his complaint on a court-provided form.

To state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the prison official knew of but disregarded, or was deliberately indifferent to, plaintiff's health and safety. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the defendant Nixon was directly involved in or personally responsible for all of the alleged violations of his constitutional rights.

In other words, plaintiff needs to connect each of the alleged violations of his rights to a specific act by defendant Nixon in order to properly allege a constitutional violation by defendant Nixon. If plaintiff is unable to do so, he cannot sufficiently allege a constitutional violation against that defendant.

Even the purported macing into plaintiff's cell by defendant Nixon does not necessarily state a cause of action, as it is described by plaintiff in his complaint as nothing more than a de minimis use of force, given that he did not suffer any injuries from the macing and he and his roommate were acting as a security risk at the time. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010) (per curiam).

And plaintiff has not properly stated a retaliation claim against defendant Nixon. "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) a prison official disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Plaintiff has not alleged, once again, that defendant was the prison official who purportedly disciplined him for engaging in a protected activity. Thus, he has not yet stated a claim for retaliation in this lawsuit.

Last, plaintiff has not properly alleged a conspiracy claim between defendant Nixon and the Judge and/or Prosecutor in his criminal probation revocation trial. To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff has merely alleged that defendant Nixon laughed and verbally taunted him in relation to his probable sentence. This is not enough to state a cause of action for conspiracy.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on a Court form. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth herein. All claims in an action must be included in one, centralized complaint form, as neither the court nor

defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims.

**As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**. All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on a Court form within thirty days in accordance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.82 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on a court-provided form within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's Prisoner Complaint Form.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file his amended complaint on a court-provided form, this lawsuit will be dismissed, without prejudice.

Dated this 10th day of April, 2017

                                                                        _____
                                                                        HENRY EDWARD AUTREY
                                                                        UNITED STATES DISTRICT JUDGE