UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| AARON L. WELCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17CV43 NAB |
| CHAD NIXON, et al., | ) ) ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's amended complaint.[1] Plaintiff is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), and he was previously granted leave to proceed in forma pauperis in this action and assessed an initial partial filing fee of $1.82. After reviewing plaintiff's amended complaint, the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

---

[1] The Court also reviews the claims submitted by plaintiff in a supplement to his amended complaint submitted on May 15, 2017. *See* Docket No. 15.

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Amended Complaint[2]

Plaintiff, who is currently incarcerated at ERDCC, brings the present lawsuit pursuant to 42 U.S.C. § 1983 relating to actions that purportedly arose while he was being held on a probation violation in the Spring of 2017 in Pemiscot County Jail. Plaintiff names as defendants in this action: Sergeant Chad Nixon, Pemiscot County Jail Administrator; Lieutenant Josh Bost; Captain Michael Coleman; Correctional Officer Joeci Unknown; and Correctional Officer Rocky Bost. Plaintiff names defendants in their individual capacities.

In his amended complaint, plaintiff first states that he wants to sue defendant Nixon because he did not use "the steps of use of force properly[:] verbal first tactical second lethal

---

[2]In the Court's April 10, 2017 Memorandum and Order, plaintiff was told to amend his complaint because he had not alleged a cause of action against defendant Nixon at that time. Plaintiff was told that his amended complaint would supersede his original complaint and that claims stated in his original complaint would be deemed abandoned if not included in the amended complaint.

third only if situation is deemed necessary with one inmate's arm in a meal slot isn't when the inmate is behind a secured door privileges were supposed to have been taken not use of force."

Plaintiff has not made any additional allegations against defendant Nixon in his amended complaint, and it appears that he has dropped his prior allegations against defendant Nixon which were included in the original complaint.

As noted in the Court's prior footnote, plaintiff was told in the April 10, 2017 Memorandum and Order requiring him to amend his complaint that the amendment would supersede his original complaint and all claims in his original complaint that were not included in the amended complaint would be deemed abandoned. *See also, In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The allegations in the amended complaint against defendant Nixon, taken on their own, are not enough to state a claim for a civil rights violation against defendant Nixon. As such, the claims against defendant Nixon are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff next states that defendants Coleman and Officer Dustin Fitzwater beat him up and stripped him of his clothing on April 4, 2017, after Chad Nixon brought him back from a dental appointment where he had undergone a tooth extraction. Plaintiff states that he was beaten up by Coleman and Fitzwater, in part, in retaliation for filing the present lawsuit, and that these officers later denied him medical care. These claims are included in another lawsuit already ongoing in this Court and will therefore be dismissed as duplicative. *See Welch v. Coleman*, 1:17-CV-64 AGF (E.D.Mo.).

Plaintiff states that on March 27, 2017, he and another inmate were escorted to the visit room by defendants Correctional Officer Joeci and Correctional Officer Rocky Bost. Plaintiff claims that no one showed up to visit either inmate, or when he came back to his cell the cell was "destroyed" and plaintiff was asked if he had an unlawful cell phone. Plaintiff stated that he did

not have an unlawful "cell phone," but that he thought that Officer Joeci and Rocky Bost intended to engage in a conspiracy to charge him with something. However, plaintiff states that these defendants looked confused and disappointed when he told them that his cell had been searched by several deputies the night before, including a body search, so there could not have been a cell phone hidden in his cell.

Plaintiff states in his amended complaint that no charge was ever brought against either he or his cell mate for an unlawful cell phone. Thus, plaintiff does not have a claim against defendants Joeci or Rocky Bost when he was never charged with anything nor has any evidence that defendants intended to act against him in retaliation for filing a lawsuit in federal court. Thus, his claims against defendants Joeci and Rocky Bost are also subject to dismissal.

Last, plaintiff has not made any claims against Lieutenant Josh Bost in this action, other than to say that once plaintiff made defendant Josh Bost aware of Chad Nixon's poor behavior, defendant Bost acted to remove Nixon from working at the Jail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). There is no claim in the amended complaint that Josh Bost ever acted unlawfully. Therefore, plaintiff's claims against Josh Bost are also subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that no process shall issue on plaintiff's amended complaint because the amended complaint is subject to dismissal pursuant to 28 U.S.C.§ 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of the dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE